**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 18, 2011

No. 10-50819
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS VAZQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-870-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Vazquez appeals the 37-month sentence he received following his guilty-plea conviction for possession with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a). As he did below, he objects to the district court's failure to award him a two-level reduction, pursuant to U.S.S.G. § 3B1.2, for his minor role in the offense.

Vazquez contends that he was entitled to the reduction because he was only a courier and therefore far less culpable than the people who acquired the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50819

drugs, placed them in the trailer, and hired him as the driver.  He argues that the large quantity of drugs involved in the offense does not change the fact that he was simply a transporter and less culpable than others.

The district court's denial of a reduction for a mitigating role is a factual determination that is reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  It is not sufficient for a defendant to show that he was less involved than other participants; rather, he must show that he was "peripheral to the advancement of the criminal activity."  *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008) (citation omitted).

As Vazquez did not prove by a preponderance of the evidence that his role in the instant offense was peripheral, the district court did not clearly err by not awarding him a minor-role adjustment.  *See Villanueva*, 408 F.3d at 203-04 & n.9.

AFFIRMED.